[J-117-2020] [MO: Baer, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 784 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | July 29, 2019 in the Court of |
| | : | Common Pleas, Franklin County, |
| v. | : | Criminal Division at No. CP-28-CR- |
| | : | 0000382-1997. |
| | : | |
| ALBERT E. REID, | : | SUBMITTED: December 11, 2020 |
| | : | |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                        **DECIDED: August 16, 2022**

I disagree with the Majority that a substantive challenge to a petitioner's competency to stand trial cannot be waived under the Post-Conviction Relief Act (PCRA), § 9541 *et seq.* The PCRA's waiver provision provides "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). I recognize, as the Majority observes, that despite this statutory language this Court held in *Commonwealth v. Brown*, 872 A.2d 1139 (Pa. 2005) (plurality),[1] "that the failure to raise on direct appeal a claim that the appellant was incompetent at the time of trial does not constitute a waiver of that claim for purposes of the PCRA." *Brown*, 872 A.2d at 1155-56. However, I agree with former-Justice Castille that the plain language of the PCRA requires such a claim be

---

[1] *Brown* was a plurality opinion, but a majority of the Court agreed that the failure to raise a challenge to a petitioner's competency at the time of trial does not constitute a waiver of that claim under the PCRA. *See Commonwealth v. Blakeney*, 108 A.3d 739, 751 (Pa. 2014) (*Per Curiam* opinion).

deemed waived if it was not raised on direct appeal. *See Brown*, 872 A.2d at 1158 (Castille, J. concurring) ("the Majority has ignored relevant legislation by creating a judicial relaxed waiver provision[.]"); *See also Commonwealth v. Santiago*, 855 A.2d 682, 704 (Pa. 2004) (Castille, J. concurring).

The statute does not provide a waiver exception for a competency challenge. *See Commonwealth v. Blakeney*, 108 A.3d 739, 778 (Pa. 2014) (Eakin, J. concurring). Here, the trial court held hearings regarding Appellant's competency to stand trial and determined he was competent. Appellant could have challenged that determination in his direct appeal to this Court but did not. Pursuant to the plain language of Section 9544(b), that failure resulted in Appellant waiving his substantive challenge to his competency at the time of trial in future PCRA proceedings.

That being said, in addition to his substantive competency challenge, Appellant also raises claims asserting ineffectiveness of trial and appellate counsel relating to competency issues. The Majority does not address those claims given its disposition of Appellant's substantive competency issue. Maj. Op. at 10-11. As I would find Appellant's substantive competency claim waived, the Court would need to address the ineffectiveness claims. However, in its supplemental opinion the PCRA court did not address these claims. As such, I would remand to the PCRA court with instructions to specifically address Appellant's competency related ineffective assistance of counsel claims.

I respectfully dissent.